M. A. BRENNAN and RALPH HEFFERNAN, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. JUSTICES OF THE PEACE—*when copy may be substituted for lost written complaint on appeal.* If, on appeal from a justice of the peace to the Circuit Court, a written complaint is found to be missing from the files and has been lost or destroyed, upon due proof made thereof, a copy may be substituted therefor.

2. APPEAL AND ERROR, § 1275*—*when presumed that ruling of Circuit Court dismissing case proper.* In the absence of a bill of exceptions, *held* that the action of the Circuit Court in overruling the defendant's motion to dismiss an action of forcible entry and detainer, appealed from a justice's court, on the ground that there was no written complaint on file, would be presumed proper.

---

### Erwin & Maxwell, Appellees, v. R. F. Johnson, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinon filed October 13, 1915. Rehearing denied December 11, 1915.

### Statement of the Case.

Action by Erwin & Maxwell, partners, plaintiffs, against R. F. Johnson, defendant, for commissions for the sale of real estate. From a judgment for plaintiffs, defendant appeals.

W. B. McBRIDE, E. E. DOWELL and M. J. FITZGERALD, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN E. HOGAN and JAMES H. SMITH, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 275*—*when telegram admissible.* Where the plaintiffs took the initiative in sending the defendant a telegram, *held* that they thereby made the telegraph company their agent, and that the telegram delivered to the defendant could be introduced in evidence as the original.

2. CONTRACTS, § 377*—*when evidence as to existence of contract admissible.* In an action on a contract which one of the plaintiffs testified was verbal, where he admitted that he had received letters from the defendant to the same effect it was *held* that an objection to a question as to where the letters were was improperly sustained, on the ground that it was immaterial.

3. TRIAL, § 45*—*when statement of court improper as invading province of jury.* In an action on a contract, a statement by the court that a conversation detailed by a witness did not amount to an agreement, *held* to invade the province of the jury.

4. BROKERS, § 95*—*when instruction erroneous.* In an action for commissions for the sale of a tract of land where the defense was that commissions for the sale thereof were to be paid only in case a sale was made of another tract, an instruction directing a verdict for the plaintiffs and ignoring such defense, *held* erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.